IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURANNA K. H.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | Case No. 3:20-cv-01825-HL <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** |

**IMMERGUT, District Judge.**

Plaintiff Lauranna K. H. brought this action seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Social Security Act. Complaint, ECF 1. On March 29, 2022, this Court reversed the Commissioner's decision and remanded the case for further proceedings. Judgment, ECF 17. Upon remand, Plaintiff was found to be disabled in a fully favorable ALJ decision. Motion for Attorney's Fees ("Mot."), Att. 3, ECF 21-3.

PAGE 1 – ORDER

Under 42 U.S.C. § 406(b), this Court may allow a reasonable fee for an attorney who represented a Social Security claimant and obtained a favorable judgment, as long as the fee does not exceed 25 percent of the total past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When a contingency agreement applies, this Court will look first to the agreement and conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id.* at 807–08. Although the fee agreement is the primary means for determining the fee, this Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

This Court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to her. Mot., Att. 1, ECF 21-1. The amount sought by counsel, $13,716.48, is 25 percent of the total award $54,865.90. *See* Mot., Att. 2, ECF 21-2 at 5. The representation was not substandard. This Court remanded this matter for further proceedings, and counsel received a fully favorable determination. There is no evidence of delay or that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, this Court finds that the requested fees are reasonable.

The parties dispute the wording to be used in the Order. Plaintiff's counsel's Proposed Order awarding fees provides the following:

> Plaintiff's Motion is hereby granted as follows: Kevin Kerr is allowed an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,716.48, to be paid out of the claimant's past-due benefits. Plaintiff's counsel

shall refund the amount of $4,599.15 already received by counsel under the Equal Access to Justice Act.

Any funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 U.S.C. 406(d), may be paid to Kevin Kerr, using the information on file with the Agency, consistent with this order.

Mot., Att. 6, ECF 21-6.

The Commissioner insists that § 406 does not authorize an order directing the Commissioner to pay attorney's fees, and the Commissioner urges this Court to avoid verbiage that "directs" or "orders" the Commissioner to pay the attorney's fees. Commissioner's Response, ECF 22 at 2–4. At bottom, the Commissioner appears concerned about being on the hook for attorney's fees in the event of a shortfall of withheld funds. The Commissioner also notes that when an attorney receives fees under the Equal Access to Justice Act ("EAJA") and § 406(b), the attorney must refund the smaller fee award to the claimant. *See id.* at 4.

Plaintiff's counsel responds that the Proposed Order does not direct the Commissioner to pay the fees, but rather that counsel is allowed attorney's fees to be paid out of the past-due benefits withheld by the Commissioner. *See* Plaintiff's Reply, ECF 24 at 1. Further, the Proposed Order directs Plaintiff's counsel to refund the EAJA award. *Id.* at 2.

This Court agrees with Plaintiff's counsel. To the extent that the Commissioner is concerned with this Court using wording that "orders" or "directs" it to pay attorney fees, the Proposed Order contains no such words. Nor does the Proposed Order omit the obligation of Plaintiff's counsel to refund the smaller fee award.

Plaintiff's Motion is hereby GRANTED. Kevin Kerr is allowed attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,716.48, to be paid out of the

claimant's past-due benefits. Plaintiff's counsel shall refund the amount of $4,599.15 already received by counsel under the Equal Access to Justice Act.

Any funds withheld by the Commissioner in anticipation of an order under § 406(b), less an administrative assessment pursuant to 42 U.S.C. § 406(d), may be paid to Kevin Kerr, using the information on file with the Agency, consistent with this Order.

**IT IS SO ORDERED.**

DATED this 24th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER